Williams v. Gerber.

Ellen Williams et al., Appellants, v. Philip Gerber et al., Respondents.

St. Louis Court of Appeals, April 29, 1898.

1. **Pleading:** DEMURRER: EFFECT OF. The demurrer confesses the facts and the equities that arise from the facts in a petition.

2. **Promissory Note:** PAYMENT BY ONE OF THE MAKERS: EFFECT OF. The payment of a note by one of the makers extinguishes the original debt and cancels the note, and no right of action accrues on the note to the maker who pays it.

3. **Promissory Note:** EFFECT OF ASSIGNMENT AFTER PAYMENT BY ONE OF THE MAKERS. Nor does the assignment to him, one of the makers of the note, by the payee, have the effect to resuscitate the note or to vitalize it in his hands.

4. ———: ———: ACTION. The right of action of one of the makers is not on the note, but on the implied promise of the principal or his legal representatives to repay the money to the one who had signed the note with the principal as joint maker, and who had paid the money on it.

5. **Probate Court:** PLEADINGS. No formal pleadings are required in the probate courts of this state.

6. ———: ———: NOTICE OF DEMAND OF CLAIM IN PROBATE COURT: STATUTORY CONSTRUCTION. But the claimant of a demand against the estate of a decedent desiring to establish his demand, must give notice in writing containing a copy of his demand to the administrator, Revised Statutes 1889, section 196, or the administrator may waive such notice in writing, or do so in open court, and the claimant must make oath in open court, or file affidavit of the correctness of his demand, before it can be allowed. R. S. 1889, sec. 194.

7. ———: ———. A verbal claim in the probate court will not satisfy the requirements of the law, the demand must be evidenced by writing or reduced to writing, and have some tangible form and substance to it.

8. **Equity.** Equity will not permit one who, by means of family relations, has the trust and confidence of his principal to gain any advantage by his acts of treachery and bad faith to his principal.

9. Pleading: EQUITY: SUFFICIENCY OF PETITION. A petition which states that defendant who by means of family relations shown to exist, has the trust and confidence of his principal and who by reason of the existence of these circumstances profits by acts hostile to his principal, and gains advantage by acts of treachery and bad faith toward his principal, of which the principal had no notice and of which the principal was wholly ignorant, is good, and a demurrer to the same alleging that it does not state facts sufficient to constitute a cause of action should be overruled.

*Appeal from the Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

A. W. MAUPIN and T. A. LOWE for appellants.

The payment of the note by Gerber on the fifteenth day of May, 1889, extinguished the debt to Wood, and Gerber's course of action as surety accrued on the day he paid the debt, and the five years limitation bar commenced to run against him at that time. Singleton v. Townsend, Adm'r, 45 Mo. 379; Burton v. Rutherford, Adm'r, 49 Mo. 255; McKenzie, Adm'r, v. Hill, 51 Mo. 303; Blake v. Downey, 51 Mo. 437. The mere waiver of notice of presentation of the demand by the administrator did not and could not of itself legally operate to take the note out of the general statutes of limitations, nor could it operate to revive the barred debt, nor constitute a new promise. See sec. 6793, R. S. 1889. Cape Girardeau Co. v. Harbinson, 58 Mo. 90; Smith v. Irwin, 37 Mo. 169; Allen v. Collier, 90 Mo. 138; Hill v. Morrison, 1 Pet. 138; Leach v. Asher, 23 Mo. App. 656; Mastin v. Branham, 86 Mo. 643; North v. Walker, 2 Mo. App. 182. Such debt is effectually barred, and the administrator can not by any act of his revive it, although a mortgage or deed of trust made to secure it may be enforced. 58 Mo. 90, *supra*, and cases cited. The waiver of notice did

not waive the bar.  Sav. & Loan Ass'n v. M., K. & T. Trust Co., 1 Mo. App. 8, and authorities cited as to what it takes to constitute a waiver.  The note and debt being extinguished by payment May 15, 1889, it lost its character and standing as an evidence of debt, and at the time it was exhibited as a demand by defendant Gerber to Thias, the administrator, it did not state nor show the true nature nor amount of his claim, as required by section 187, of the administration law, Revised Statutes 1889.  Hence, there was no cause of action before the court, nor any basis whatever for the judgment of June, 1896, for $165.  When the defendant, Gerber, paid the note, May 15, 1889, then a cause of action against the estate of Williams immediately accrued to him and continued to run for five years, on account of money paid by him as security.  A statement of these facts showing the nature of the demand and amount, as required by section 187, *supra*, and sworn to and proved, as required by section 194, Revised Statutes 1889, would be absolutely legally necessary to a valid recovery even if presented within five years.  Yet the second judgment was made up three years after the claim was barred without even the semblance of a cause of action.  For the want of such statement the judgment was a nullity. Walkins v. Donnelly, 88 Mo. 322.  It is the claim as presented and not as decided or allowed that fixes the jurisdiction.  Henks v. Debertshauser, 1 Mo. App. 402.  That defendant Thias, as administrator, was endeavoring and about to sell said land to satisfy said illegal and fraudulent allowance, and that plaintiffs would be greatly injured if such threatened sale should be consummated, against which they had no adequate remedy in any forum except that of equity, and prayed the court to adjudge and decree that said judgment of allowance of June 2, 1896, and the amended judgment

of April 6, 1897, and the order of sale be set aside, vacated and held null and void, and all other proper relief.

J. C. KISKADDON for respondents.

A surety's right of action against his principal accrues at the time he pays the principal's debt, and not until then. Singleton v. Townsend, 45 Mo. 379, 380. If the cause of action accrues to the creditor after the death of the debtor, then the general statute of limitations does not begin to run in favor of the debtor's estate until an administrator of such estate is appointed. McDonald v. Walton, 2 Mo. 48; Polk v. Allen, 19 Mo. 467; McKinzie v. Hill, 51 Mo. 303, 305; Ayers v. Donnell, 57 Mo. 396, 398. To constitute fraud in procuring a judgment the court rendering the judgment must be deceived; material facts must be concealed from it which, if disclosed, would have caused it to render a different judgment. If it appears that the court was cognizant of the facts, and with those facts before it rendered a judgment, then it is a valid judgment, however erroneous it may be, and can not be canceled on the ground of fraud, unless the court intentionally participated in the fraud. There is no allegation in this case that the court intentionally acted fraudulently in rendering the judgment in question. Davis v. Staples, 45 Mo. 567; McGindley v. Newton, 75 Mo. 115; Risher v. Roush, 2 Mo. 95; Big. on Fraud, 92; Hamilton v. McLean, 139 Mo. 678, 685; Lewis v. Williams, 54 Mo. 200; Murphy v. De France, 101 Mo. 151.

BLAND, P. J.—On September 8, 1897, appellants filed the following amended petition in the Franklin county circuit court, to wit:

"Plaintiffs for their amended petition state that the plaintiff, Ellen Williams, is the surviving widow of

Alonzo Williams, deceased, who departed this life intestate in the county aforesaid on the 10th day of March, 1889, leaving no children nor their descendants nor other kindred or their descendants, and was at the time of his death seized and possessed of the N. W. ¼ N. E. ¼ sec. 5, Twp. 43, R. 2, west, containing 41 02-100 acres farm lands situated in said county of the value of about $5,000, but left no other property, real or personal, except household and kitchen furniture of the value of about $50. That on —— the day of —— 189-, the coplaintiff, A. W. Maupin, in consideration of —— dollars by him paid to the plaintiff, Ellen Williams, purchased of her the undivided one half interest in the said described land, and that on said last mentioned date the said Ellen Williams executed and delivered to her coplaintiff a good and sufficient deed of conveyance thereto, and that he is now the owner of said interest. That on the 6th day of December, 1881, the defendant Gerber and the said Alonzo Williams executed and delivered to one D. P. Wood their joint promissory note in words and figures as follows, to wit: 'One day after date we or either of us promise to pay to D. P. Wood or order sixty dollars for value received with ten per cent interest from date until paid. December 6, 1881.

" 'ALONZO WILLIAMS,

" 'PHILIP GERBER.'

"That although said note is by its tenor joint and several, yet, as plaintiffs are informed and believe, the said Alonzo Williams was the principal therein, having received the consideration therefor, and the defendant Gerber was the security therein; and plaintiffs aver that the plaintiff, Ellen Williams, had no knowledge or information of the existence of said note until some time after the date of the death of said Alonzo, to wit, about —— months, when she was informed by the defendant Gerber of the existence of said

note, and that he was security thereon, and had fully paid the same; that the relations which had always existed between the defendant and Gerber and the plaintiff Ellen and her husband Alônzo, prior to his death, were of the most cordial, intimate and confidential character; that she and her late husband, although of no kin to him, had reared the defendant Gerber in their own house from a small child to mature manhood; that at the time that defendant Gerber informed the plaintiff Ellen of the existence of said note, and that he was the surety and had paid it off, she resolved to apply to the probate court of Franklin county for letters of administration upon the estate of the said Alonzo for the purpose of enabling her to pay back to said defendant Gerber the amount he had paid for her deceased husband if such claim really existed; that the defendant Gerber strongly advised plaintiff Ellen against administration on said estate by her or any one else, and gave as a reason therefor that administration would be attended with great expense; that there was no debts due by said Alonzo or claims against him, except his, the defendant Gerber's claim, and that he would not present his claim for allowance for the amount paid by him as surety, even if letters of administration should be granted to plaintiff Ellen or any person; and the plaintiff Ellen, influenced by said Gerber's advice not to administer, and relying upon his promise that he would not make or present any claim for allowance, plaintiff gave up the resolution to administer, and gave it no further consideration, and plaintiffs further aver that neither they nor either of them had at any time seen or inspected said note, although they have frequently applied to the defendant Gerber and his attorney for inspection thereof; and plaintiffs further aver that at the time of the commission of the several acts and doings of defendant

AMENDED petition.

Gerber and Thias hereinafter mentioned she was absent from Franklin county, in which said land is situated, and where she had formerly resided with her husband prior to his death, and in which the defendants reside, and in which the commission of the several acts complained of against the defendants occurred, and that she has been so absent and resided in Maries county and St. Louis city in said state among friends and relatives continuously for the space of six years or more, and had no knowledge or information whatever of the said acts and grievances hereinafter complained of; and plaintiffs further aver that at the time that the plaintiff Ellen departed from Franklin county to reside with her friends and relatives in Maries county and the city of St. Louis, as aforesaid, she left her said described land in Franklin county in charge of said defendant Gerber to make use of or rent out said lands, and defendant Gerber accepted said charge, and agreed to pay to her rent when he used and occupied the same and to collect the rents when it should be in use and occupancy of others, and that he did pay to her rents on his own account and for rents collected from others from said lands; that after the death of said Alonzo Williams to wit, on the fifteenth day of March, 1889, the defendant Gerber paid said note, and for some reason plaintiffs believe and charge the fact to be caused to be indorsed on the back thereof the following words and figures: 'I assign the within note to Philip Gerber without recourse on me. May 15th, 1889, D. P. Wood,' and the following further indorsement, to wit, 'Paid Wood $100 by Gerber,' and the following further indorsement, to wit, 'Paid $5,' and the said Wood did on the fifteenth day of May, 1889, deliver said note to said defendant Gerber. That at the date hereinafter mentioned one F. H. Thias was and is now public administrator of said county; that on or about the fifteenth day of

April, 1896, and more than fourteen years after the date of said note and more than seven years after the death of said Alonzo, and more than seven years after the payment of said note by defendant Gerber as surety, and during the absence as aforesaid of the plaintiff Ellen, the defendant Gerber, with intent to defraud the plaintiff Ellen, fraudulently contrived and schemed to procure the allowance of said note in the probate court of said Franklin county, and attempted to procure the sale of said lands to satisfy such allowance, and to conceal from the plaintiff Ellen all the facts and information necessary to resist and defeat said claim, and in furtherance of said scheme he solicited and procured the defendant Thias to be ordered by the probate court of said county to take charge of said estate, and on the fifteenth of April, 1896, the probate court of said county made its order authorizing and empowering the said F. H. Thias as public administrator to take charge of the estate of said Alonzo Williams, deceased, for the purpose of administration, and that there has not been at any time since the death of the said Williams any other administration upon said estate; that afterward, to wit, on the second day of June, 1896, being one of the days of the regular June term of said court, the defendant Gerber exhibited said note to said Thias as such administrator who well knew and fully understood the object of the defendant Gerber and his fraudulent scheme and contrivance to have said note allowed, and well knowing that said note was barred by the statute of limitations, and that he had no legal right to consent to its allowance, yet conniving with said defendant Gerber and assenting to and aiding him in accomplishing said scheme to defraud, then and there for that purpose appeared in open court and waived the service of notice of demand, and the said note was then and there presented to said

probate court for allowance and classification, and the said note, with all the accrued interest thereon according to its tenor and effect, was by the order and judgment of said probate court allowed for the sum of $165 with ten per cent interest, and the same was classified in the fifth class of demands against said estate, and judge of the probate court of said county indorsed on the back of said note the following words and figures, to wit: 'Allowed, June 2d, 1896, $165, 10 per cent, 5th class, C. F. Gallenkamp, judge,' and plaintiffs aver that there were no other claims presented or allowed against said estate; that afterward, to wit, on the ninth day of December, 1896, the same being one of the days of the regular December term of said court, the said F. H. Thias as administrator aforesaid, still well knowing and furthering the said fraudulent scheme of said defendant Gerber, presented his petition to said probate court stating among other matters in substance that there was no personal property belonging to said estate and that the above described allowance in favor of defendant Gerber had been made, and prayed the order of said court authorizing and directing him to sell said land at public or private sale, or so much thereof as should be necessary to pay the debts of said deceased, which petition was granted; and afterward, to wit, on the sixth day of April, the same being one of the days of the regular March term of said probate court, the said court in accordance with said petition ordered said administrator to sell said land; that plaintiff Ellen objected to said order of sale at and before the time the same was made upon the ground and for the reason in substance that said note had not been presented or allowed within ten years next after the date thereof nor allowed within five years next after the payment thereof by the defendant, and that said allowance was therefore utterly and absolutely void, which objections were

overruled by said probate court, and said order was made as aforesaid. That on the said sixth day of April, 1897, the said defendant with the consent and connivance of the said administrator to have said illegal claim allowed and by leave of said probate court procured said allowance of June 2, 1896, to be amended and corrected so as to reduce said judgment to a sum equal to the difference between ten per cent, and six per cent, being reduced to the sum of $142.25 instead of $165, to which amended and corrected judgment the plaintiff again objected because said amendment would not confer jurisdiction over the subject-matter, nor bring the claim within the statute of limitations, and because the court had no power to amend its judgments after the term had passed since the original judgment was rendered, and plaintiff again avers that said note was not presented nor allowed and classified within ten years next after the date thereof, and if it was the intention of the defendants as appears by the record and proceedings in said matter in said probate court to procure said allowance to be for the amount of said note and the interest from the date thereof to the date of allowance according to the terms of said note, then said allowance was and is barred by the statute of limitations respecting the time within which suits may be instituted upon notes and was and is utterly barred; and plaintiffs further aver that said note was not presented nor allowed and classified within five years next after the date of the payment thereof by defendant Gerber, and if it was the intention of defendants as appears by the amended judgment of allowance procured by the defendant Gerber on the sixth day of April, 1897, to procure his allowance to be for the sum paid by him as security for said Williams on the fifteenth day of May, 1889, then said cause of action was barred by the statute of limitations respecting the time within which such

actions may be instituted, and the said amended judg-
ment was and is accordingly utterly and absolutely
void.

"Plaintiffs further aver that at the time said public
administrator was ordered to take charge of the estate
of the deceased husband, the said Alonzo Williams,
and at the time the defendant Gerber fraudulently
procured the allowance of $165, she was absent from
said Franklin county among her relatives and friends
as aforesaid, and that she had no knowledge or infor-
mation whatever that said estate had been ordered into
administration, and she avers that she had no
knowledge or information whatever of the allowance
of defendant Gerber's said demand for more
than six months after the same had been allowed
against said estate, and plaintiffs aver that from the
time the plaintiff Ellen left Franklin county at the
time and for the purpose aforesaid until her return
thereto more than six years afterward, the defendant
Gerber at all times during her absence well knew where
she was and that there were frequent alternate com-
munications upon other subjects between plaintiff
Ellen and defendant Gerber, and she alleges this
want of information as a reason why she did not,
within four months after said demand had been allowed
as in such cases made and provided relating to pre-
sentment, allowance and classification of demands
against estates of deceased persons by law, file or cause
to be filed in the office of the probate court her affidavit
stating that said allowance had been improperly
allowed and for the purpose of vacating said order of
allowance. Plaintiffs further state that said F. H.
Thias as such administrator is endeavoring and about
to sell said land under said order to satisfy said alleged
allowance. That plaintiffs would be greatly injured
in respect to their legal right in said land if said

threatened sale should take place and be consummated, against which they have no adequate redress or remedy at law.

"Wherefore plaintiffs pray the court to adjudge and decree that said judgment of June 2, 1896, and the amended or supplemental judgment of April 6, 1897, and the said order of sale be vacated and be set aside and held to be null and void, and for other general and proper relief."

To this amended petition the defendants demurred, on the ground that the petition did not state facts sufficient to constitute a cause of action. This demurrer was sustained, and plaintiffs refusing to amend a judgment on the demurrer was rendered against them. From this judgment they duly appealed.

The demurrer confesses the facts and the equities that arise from the facts as stated in the amended petition. The fact that defendant Gerber had been reared from early childhood by plaintiff,

DEMURRER: effect of.

Ellen Williams, and her husband and that he in her absence had charge of her real estate as her agent, to rent it or use it and to send her the rents, raised a fiduciary relation between them. Her relations toward him were those of trust and confidence. When she proposed to administer on her dead husband's estate, in order to afford him (Gerber) an opportunity to establish his claim in the probate court and to collect it from the assets of the estate, he declared to her that he would not probate his claim if she or any one else should administer, and advised her not to administer, as there were no debts besides his. This assurance on his part lulled her into security and she was justified to repose in a full assurance that her husband's estate would not be put to the expense of an administration, and that Gerber would not press his

claim against it. Gerber's subsequent action in pro-
curing the estate ordered into the hands of the public
administrator, and having his demand allowed in the
absence of Mrs. Williams and without notice to her,
and the steps taken to subject the lands to sale for
payment of his demand, were acts of bad faith. The
payment of the note by Gerber, one of the makers,
extinguished the original debt and canceled the note,
and no right of action accrued to him on the note.
Burton v. Rutherford, Adm'r, 49 Mo. loc. cit. 258. Nor
did the assignment of the note by the payee to him
have the effect to resuscitate the note or to vitalize it
in his hands. His right of action was not on the note,
but on the implied promise of the principal or his legal
representative to repay the money. Blake v. Downey,
51 Mo. 437; Halliburton v. Carter, 55 Mo. 435; Bauer
v. Gray, 18 Mo. App. loc. cit. 170. The note was
evidence of Gerber's demand, but his demand was not
on the note, but on an account for money paid for the
use or benefit of Williams, for the repayment of which
the law implied a promise. It was the note and not
an account for money paid on the note, that he pre-
sented to the probate court for allowance.

No formal pleadings are required in the probate
courts of this state, but the claimant of a demand
against the estate of a decedent desiring to establish
his demand, must give notice in writing containing a
copy of his demand to the administrator, Revised
Statutes 1889, section 196, or the administrator may
waive such notice in writing, or do so in open court,
and the claimant must make oath in open court, or
file affidavit of the correctness of his demand, before it
can be allowed. R. S. 1889, sec. 194. The adminis-
tration statutes contemplate that the
demand must be evidenced by writing
or reduced to writing, and have some

No formal pleadings
in probate court.

tangible form and substance to it. A mere verbal claim will not satisfy the requirements of the law. The defendant Gerber presented the note as assignee thereof for allowance, and it was the note that was before the probate court, and nothing else, for allowance, and it was the debt which the probate court supposed the note evidenced that was allowed. The note was dead paper, and could not be made the foundation for this allowance. It was dead paper, because it had been extinguished by payment and became barred by the statute of limitations. Gerber, as we have seen, during all the time he, in connection with the public administrator, was proceeding to have the lands sold by order of the probate court, was the trusted agent of Mrs. Williams as to these very lands, and by reason of the family relations which had and still existed between himself and Mrs. Williams had her trust and confidence. In such circumstances equity will not permit him to profit by acts hostile to his foster-

EQUITY.    mother and principal, of which she had no notice and was wholly ignorant; nor should he be permitted to gain any advantage by his acts of treachery and bad faith to his principal. 1 Story, Eq. Jur., 186–258. In our opinion the petition states a good cause of action. The judgment is therefore reversed and the cause remanded, with direction that the trial court overrule the demurrer and permit defendants to further plead if so advised. All concur. Judge BIGGS in the result only.