Lombard v. Urban.

---

## JAMES L. LOMBARD, Respondent, v. CHESTER S. URBAN, Appellant.

### Kansas City Court of Appeals, March 7, 1910.

1. **JUSTICE'S COURT: Appeal.** On appeal from a justice of the peace the circuit court in determining a motion to affirm for want of a notice of appeal, cannot consider statements that the justice promised counsel that he would enter an order of appeal on the day the judgment was rendered, when the affidavit and bond for appeal were not filed until after such day.

2. **APPEARANCE: Special Notice.** A party may appear for the special purpose of moving to affirm a judgment because no notice of appeal was given, and such appearance is not a general appearance.

3. ————: ————: **Notice: Knowledge.** Knowledge that an appeal has been taken from a justice, will not do away with the necessity of a written notice.

Appeal from Jackson Circuit Court.—*Hon. W. A. Powell,* Judge.

AFFIRMED.

*W. F. Riggs* for appellant.

*Cooper & Wilson* for respondent.

Lombard v. Urban.

ELLISON, J.—This action was begun before a justice of the peace and is based on an account. Plaintiff obtained judgment in the justice's court and defendant appealed. In the circuit court the judgment of the justice was affirmed on the motion of the plaintiff, and defendant has appealed to this court.

It appears from the justice's transcript that the judgment was rendered against defendant on the 11th day of September, 1908, and that on the next day an affidavit for appeal was made, which was filed, with an appeal bond, on September 15, 1908. The bond was duly approved on that day but there does not appear any formal order granting the appeal. On the 21st of September the justice's transcript was made out and on the 21st of November thereafter it was filed by him in the office of the clerk of the circuit court.

Filing affidavit and bond for appeal will constitute an allowance if no order is made by the justice. [Section 4066, Revised Statutes 1899.] Therefore the appeal was allowed on September 15th, and the December term being the first term of the circuit court thereafter, the case was triable at that term unless continued for cause. [Section 4073, Revised Statutes 1899.] But in order to be triable at that term, if not appealed on the day the judgment is rendered by the justice, the party appealing must, ten days before such term, give the opposite party notice of the appeal being taken. [Section 4074, Revised Statutes 1899.] If he fails to give such notice the opposite party has the option to try it at the first term, if he will enter his appearance on or before the second day of the term; or he may ask that it be continued. [Section 4075, Revised Statutes 1899.] Then if the party appealing shall still fail to give notice of the appeal at least ten days before the second term, the judgment shall be affirmed, or the appeal dismissed, at the option of the other party. [Section 4076, Revised Statutes 1899.]

The case was docketed at the first term (December)

of the circuit court and the appellee did not enter his appearance on or before the second day.    Afterwards, when the case was called, each party was present by attorney, and appellee verbally asked that the judgment of the justice be affirmed on account of no notice having been given as required by the statute.    He disclaimed making any appearance except for that purpose.    There was some question made as to whether a notice had been served and the matter was laid over until March 13th, of the December term.    Afterwards counsel agreed that it might be further continued to March 20th, which was in the March term, being the second term since the appeal from the justice.    Both parties appeared on the 20th by attorneys and appellee, still disclaiming any appearance except to have the judgment affirmed, filed a written motion for that purpose, and it was sustained.

Defendant, as appellant from the justice, though making many suggestions, presents three principal points against the judgment.    First, he says that his appeal was taken on the day the judgment was rendered by the justice and therefore no notice was necessary.    This is contradicted by the justice's transcript, which shows, as above set out, the making an affidavit and bond after the day.    The justice's docket is silent as to an allowance of an appeal, as already stated, but it could not have been allowed in advance of both affidavit and bond, and the statute is, as already stated, that, though no order was made, the filing of a bond and affidavit will be considered as an allowance of appeal. Defendant has presented to us matters which he asserts occurred between his counsel and the justice.    Such as that he claimed an appeal on the day and the promise made by the justice, etc.    But this we cannot notice in the face of the record showing when the affidavit and bond were filed.

Second, defendant claims an appearance was entered in the circuit court.    The record shows the con-

trary. Plaintiff only appeared for the purpose of the motion to affirm, and in the hearing and agreements as to hearing that motion. The reasons advanced by defendant for contending there was a general appearance have been considered by us, but are not, in any way, sufficient. He says that the motion to affirm at the first term was premature; and that it was verbal and not in writing. Plaintiff's reason given here for asking an affirmance at the first term was that it was then too near the second term (less than ten days) for defendant to be able to give the required notice. But, be that as it may, the judgment was not affirmed until the second term.

Third, defendant insists that he gave the requisite notice. A copy of a letter was shown as being one sent to plaintiff's attorneys. It was not shown to have been received, or that it was ever served as the statute directs, and besides it was not sufficient, on its face. Afterwards written notice was given, which conceding it to be sufficient and properly served, was not done ten days before the beginning of the March term.

But it is further suggested that without regard to any notice, plaintiff knew an appeal had been taken. That, however, will not suffice; knowledge is not notice. [Cooper v. Ins. Co., 117 Mo. App. 423; Smith Drug Co. v. Hill, 61 Mo. App. 680; McGinniss v. Taylor, 22 Mo. App. 513.]

The judgment was manifestly for the right party and it is affirmed. All concur.