LEVI TAYLOR et al., Appellants, v. JOHN GEORGE, Administrator, Respondent.

Springfield Court of Appeals, November 6, 1911.

1. ADMINISTRATION: Filing Claim Against Estate: Notice to Administrator: Waiver of Notice. The statutes (R. S. 1909, secs. 203, 204), provide that the presentation of claims against the estates of deceased persons shall be made in writing and that the executor or administrator shall be served with a copy of the instrument or account and a written notice containing the statement that the claim will be presented for allowance at the next regular or adjourned term of court. Section 205, Revised Statutes 1909, provides that the executor or administrator may appear in court or by writing waive the service of any such notice. *Held*, that such waiver, if not in open court, must be in writing to give the probate court jurisdiction, and the letters written by the administrator concerning the claim in this case are examined and *held* not sufficient to constitute waiver of notice of the filing of the claim.

2. ———: ———: ———: ———. It is not necessary that a written waiver by the executor or administrator of notice of the filing of a claim in the probate court against the estate of a deceased person to be binding must use any particular form of words, nor that it must in express terms declare that service of notice is waived. But it should be sufficiently clear to show an intent on the part of the administrator or executor to agree to a hearing in court.

3. NOTICE: Actual Knowledge. Actual knowledge is not legal notice.

Appeal from Dallas Circuit Court.—*Hon. C. H. Skinker*, Judge.

AFFIRMED.

*Levi Engle* and *J. W. Miller* for appellants.

(1) The administrator has full power to waive service of notice. R. S. 1909, sec. 205. (2) The question of waiver is a mixed question of law and fact. The court assumed the authority to pass on the notion to dismiss, thereby depriving appellants the right to a trial by jury on the question of waiver and on the merits. Bank v. Ins. Co., 109 Mo. App. 659; Keet & Rountree v. Ins. Co., 100 Mo. App. 512; Okey v. Ins. Co., 29 Mo. App. 111; Marchildon v. O'Hara, 52 Mo. App. 526; Murmann v. Wissler, 116 Mo. App. 405; Erlish v. Ins. Co., 88 Mo. 249. (3) Respondent's conduct in notifying appellants to come to court, in offering to write out their claim and agreeing on a settlement, and telling them by letter that he had secured copies of their account, clearly indicates that he had no intention of requiring them to serve notice on him. Under such circumstances for them to have done so would have been a vain and foolish act, which the law does not require them to do. Association v. Kellogg, 52 Mo. 591; Bishop on Contracts, sec. 792; Taylor v. Sangrain, 1 Mo. App. 316; Lindell v. McLaughlin, 30 Mo. 33; 29 Am. and Eng. Ency. of Law (2 Ed.), 1095, 1103.

*J. W. Barnes* and *O. H. Scott* for respondent.

(1) Notice of the presentation of demands for allowance must be served upon the administrator. R. S. 1909, sec. 203. Service of this notice can be waived only in writing and by appearance. R. S. 1909, sec. 205. And there can be no waiver until a complete itemized statement of demand has been presented to the admin-

istrator. Pfeiffer v. Suss, 73 Mo. 245; Burkhart v. Helfrick, 77 Mo. 377; Williams v. Gerber, 75 Mo. App. 18. The service of notice on the administrator is jurisdictional and in the nature of a summons. Acknowledgment of service or waiver must be in writing; and the record of the probate court must show the waiver or appearance of the administrator. Drake v. Gorrell, 127 Mo. App. 639; State v. Hammond, 92 Mo. App. 231. Being a matter of the proper service of summons the issue was triable by the court, but if not, appellants made no objection, nor saved any exceptions in motions for a new trial and in arrest of judgment. Bruner v. Marcum, 50 Mo. 405; Paving Co. v. O'Brien, 128 Mo. App. 277. (2) Knowledge is not notice and although a party admits in writing that he has examined a statement or petition filed in court and has knowledge of its contents, this will not constitute a waiver of notice. Bank v. Suman, 79 Mo. 533; McGinnis v. Taylor, 22 Mo. App. 513; Drug Co. v. Hill, 61 Mo. App. 680; Cooper v. Ins Co., 117 Mo. App. 423; Lombard v. Urban, 142 Mo. App. 423. (3) There is no fraud, dishonesty or deception on the part of the administrator disclosed by the record in this case. If there is, it can not be made an issue against the Munhollen estate. Richardson v. Palmer, 24 Mo. App. 480. The administrator must plead the special statute of limitations. Stiles v. Smith, 55 Mo. 366.

COX, J.—This case originated in the probate court of Dallas county by the plaintiffs filing in said court an account against the estate of Munhollen of which defendant George is administrator. The account was filed September 6, 1909, and on September 27, when the case was called the defendant filed a motion to dismiss because no notice of the presentation of said account had been served upon him. This motion was sustained. Plaintiffs appealed to the circuit court where evidence was heard for and against the motion and that court

also sustained the motion to dismiss and plaintiffs have appealed to this court.

No question is raised as to the right of either the probate court or circuit court to dispose of the case upon motion as was done in this case.

No notice of the presentation of this demand was served upon the administrator but it is contended by appellants that the administrator waived such notice as he is authorized to do by statute. The StatuteRevision of 1909 provides in section 203 that a party desiring to present a demand against an estate shall deliver to the executor or administrator a written notice containing a copy of the written instrument or account on which it is founded and that it will be presented at the next regular or adjourned term of court. Section 204 provides the manner of service of such notice.

Section 205 which authorizes a waiver of service of notice is as follows: "The executor or administrator may appear in court, or, by writing, waive the service of any such notice."

It was contended at the hearing *nisi* that defendand had waived notice and in support thereof two letters written by him to plaintiffs after the account had been filed with the probate court were offered in evidence and are as follows:

"BUFFALO, Mo., Sept. 8, 1909.
*L. C. & S. E. Taylor.*

Dear Friends: I have been over to the courthouse and gotten copies of your account and sent to Jim and Rose, with your bid for a compromise. Your account opens new fields for operations but we will not discuss that matter now. You have made your bid and when you come down I will make mine. We are not far apart but there are some little matters that you will have to include. It's my purpose to deal fairly and honestly with all concerned, as the law, my oath of office and my conscience dictates to me. Notwithstanding the opin-

ion of Sue and Rose, to the contrary. I don't see why they selected me to do the business, if they knew I was dishonest, but let that matter be as it may. I think Sue got just as much of Pack's $5 bill as I got. Well that is enough levacy for this time.

"Now then, you write me about what date would suit you to come down and I will see the court and get him to set a day to hold court then I will write you and I believe we will fix the matter as there will be but little between us.

"There is no one more anxious to get this matter satisfactorily arranged than I am. It would be best for all concerned and I believe you and Sue want to do what is right when you find what is right, and let me say further I have always entertained the best of feeling towards you both. As to my commission, I don't know what that will be; I have never given that a thought but as matters stand I am sure to charge all the law will allow me.

"Yours truly,    J. GEORGE.

"Let me hear from you right away so I can see the court and write you when to come."

"BUFFALO, Mo., Sept. 21, 1909.
"*L. C. & S. E. Taylor, Charity, Mo.,*

"Dear Friends: Judge Keller wishes me to tell you that his regular term of court would be next Monday, the 27th day of September. Come down on that day and we will fix our business, if we can, and I think we can.

"Yours truly,    J. GEORGE.

"Be sure to come on Monday the 27th, as he will only hold court one day."

As an aid to the construction to be put upon these letters and in support of the contention that defendant meant thereby to waive notice the plaintiffs offered and the court admitted evidence to the effect that prior to filing the account in the probate court plaintiffs and defendant talked over the claim of plaintiffs, discussed

the items thereof and had agreed as to most of it and that defendant suggested that an account in proper form should be made out. That plaintiffs secured the services of an attorney and had the account made out, then tried to find the administrator to go over the items again but failing in this, left the account with the attorney to be filed and departed for their home some fourteen miles distant. The account was filed and the letters above set out followed.

Appellants contend that the conversation with the defendant coupled with the fact that he had secured copies of the account and then wrote the letters above set out show that the purpose of the statute in requiring notice, which is to give information to the administrator of the nature of the demand and the items composing it and thus enable him to defend against it if he should so desire, has been accomplished and to require service of the written notice under such circumstances would be an useless thing and this the law does not contemplate. There would be much force in this contention were it not for the fact that the statute requires the waiver of service if not made in open court to be *in writing*.

Actual knowledge is not legal notice. [Madison Co. Bank v. Suman, 79 Mo. 527; Lombard v. Urban, 142 Mo. App. 282, 126 S. W. 321.] By the plain terms of the statute the waiver if not in open court, like the notice, to be available must be in writing and to give the probate court jurisdiction to hear and determine the matter a written notice must be served or the administrator must appear in court and there waive notice or consent to a hearing without notice, or if a waiver out of court is relied upon it must be in writing and unless the court has acquired jurisdiction in one of those methods provided by statute it cannot legally proceed to adjudicate the controversy. [Pfeiffer v. Huss, 73 Mo. 245; Williams v. Gerber, 75 Mo. App. 18;

Waltemar v. Schnick's Estate, 102 Mo. App. 133, 76 S. W. 1053.]

Do the letters relied upon meet the requirement of the statute? We do not think so. On the contrary, to our mind, they show plainly that the defendant understood that there were some things they had not yet agreed upon and the whole tenor of the letters indicates merely a desire upon the part of the administrator to reach an agreement by compromise and an expression of opinion that this could yet be done. There is nothing in these letters that, in our opinion, can be fairly construed to mean that defendant was willing and meant to waive service of notice in case they could not agree to submit their differences to the court for adjudication. Nor do we think the oral testimony offered in support of appellants' construction of the letters, if admissable at all, which we do not decide, should change in any way the construction which we have put upon these letters but is rather in harmony therewith.

We do not hold that it is necessary that a written waiver to be binding must use any particular form of words nor that it must in express terms declare that service of notice is waived but it should be sufficiently clear to show an intent on the part of the defendant to agree to a hearing in court. We do not think the letters in this case sufficient for that purpose. Judgment affirmed. All concur.